IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JENNIFER E. PICKNELLY,

                     Plaintiff,

  v.

MR. DOMINIC DAGOSTINO, *et al.*,

                     Defendants.

Civil Action No.
1:17-CV-1279 (DNH/DEP)

_____

APPEARANCES:

FOR PLAINTIFF:                    OF COUNSEL:

**[last known address]**
Jennifer E. Picknelly, *Pro se*
Hampshire County Sheriff's Department
and House of Corrections
P.O. Box 7000
Northhampton, MA 01060

FOR DEFENDANTS:

PARISI, COAN & SACCOCIO, PLLC    PATRICK J. SACCOCIO, ESQ.
376 Broadway                           STEVEN V. DeBRACCIO, ESQ.
Schenectady, NY 12305

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by *pro se* plaintiff Jennifer E. Picknelly, a former Massachusetts State prison inmate who was released from Hampshire County custody at some time between December 2017 and January 2018, and whose whereabouts are not currently known to the court. Plaintiff's claims arise out of her incarceration in the Schenectady County Correctional Facility ("SCFF"), which commenced on or about January 5, 2016. Dkt. No. 1 at 4-7.

Since her release from prison, plaintiff has failed to file a notice with the court advising of her new address, and mail sent to the address that the court has on file has been returned as undeliverable. Because it is apparent that plaintiff has failed to comply with the requirement that she update the court with her current address and neither the court nor defendants' counsel is able to communicate with her, I recommend that plaintiff's complaint be dismissed.

I.    BACKGROUND

Plaintiff commenced this action on or about November 20, 2017. Dkt. No. 1. At that time, plaintiff was a Massachusetts State prison inmate in the custody of the Hampshire County Sheriff's Department and House of Corrections. *See generally id*. Plaintiff alleges that while confined in that

2

facility she was subjected to unconstitutional excessive force, denied equal protection based upon her transgender status, and deprived adequate medical care. *Id.* at 1, 10-13. As relief plaintiff seeks, *inter alia*, an award of damages in the amount of $100,000.00. *Id.* at 12.

On January 24, 2018, I issued a decision and order, pursuant to 28 U.S.C. §§ 1915(e), 1915A, in which plaintiff's application for leave to proceed *in forma pauperis* was granted, and the United States Marshal was directed to serve process upon defendants Dominic Dagostino and Gordy Pollard. Dkt. No. 6. The clerk thereafter issued summonses and General Order 25, which sets forth this district;s Civil Case Management Plan, for service upon the named defendants. Dkt. Nos. 7, 8. A copy of the decision and order, together with General Order 25, was sent to the plaintiff by regular mail on that same day to the following address:

> Jennifer E. Picknelly
> Hampshire County Sheriff's Department
> and House of Corrections
> P.O. Box 7000
> Northhampton, MA 01060

That mail was returned to the court on January 29, 2018, however, with a notation that read, "Return to Sender – Released." Dkt. No. 9.

Plaintiff has not filed any correspondence with the court since the commencement of this action on November 20, 2017. Additionally, plaintiff

3

has not notified the court of a new address at which she can be reached for purposes of communications from the court and defendants' counsel.

## II.    DISCUSSION

The fact that a court communication sent to the address given by plaintiff in her complaint was returned as undeliverable not only presents an obvious impediment to the case proceeding forward, but also reflects a failure by plaintiff to comply with this court's local rules, which require that all parties, including *pro se* litigants, inform the court of an address where communications concerning a pending action may be sent and any changes in that address. N.D.N.Y. L.R. 10.1(c). A reminder concerning that rule is included in the district's *pro se* handbook, a copy of which was mailed to the plaintiff on November 22, 2017. Dkt. No. 3. Moreover, plaintiff was reminded of this rule in the decision and order granting plaintiff's IFP application and permitting the case to proceed. Dkt. No. 6 at 8. Based upon her non-compliance with this rule, provides a basis to consider dismissing her claims for failure to prosecute and to comply with the court's local rule requirements.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to comply with an order of the court. *See* Fed. R. Civ. P.

41(b); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.).[1] That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Williams v. Faulkner*, No. 95-CV-0741, 1998 WL 278288, at *2 (N.D.N.Y. May 20, 1998) (Pooler, J., *adopting report and recommendation by* Scanlon, M.J.); *Moshier v. Trabout*, No. 96-CV-1666, 1998 WL 167298, at *1 (N.D.N.Y. Apr. 2, 1998) (Pooler, J. *adopting report and recommendation by* Hurd, M.J.). The failure of a litigant to comply with the requirement to notify a court of a change of address is sufficient to justify dismissal of a plaintiff's complaint. *See Dansby v. Albany Cnty. Corr. Facility Staff*, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) ("It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties . . . will be conducted principally by mail." (internal quotation marks

---

[1] All unreported cases cited to in this report have been appended for the convenience of the *pro se* plaintiff.

5

omitted)); *Decker v. Hogan*, No. 09-CV-0239, 2010 WL 3522524, at *1 (N.D.N.Y. June 16, 2010) (Baxter, M.J.), *report and recommendation adopted by* 2010 WL 3522522 (N.D.N.Y. Sept. 2, 2010) (McAvoy, J.), ("Moreover, notwithstanding the leniency with which pro se plaintiffs are treated, a plaintiff has a duty to inform the court of any address changes."); *see also Williams*, 1998 WL 278288, at *2; *Mosher*, 1998 WL 167298, at *1-2.

The question of whether a Rule 41(b) dismissal for failure to comply with an order of the court is warranted is informed by the following five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). I have carefully evaluated those five factors, and conclude that each weighs decidedly in favor of dismissal.

Plaintiff commenced this matter nearly four months ago, and it is likely that memories of the events in question are fading, relevant

6

documents have been discarded, and potential witnesses have become unavailable. *See, e.g., Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade."). Given plaintiff's manifest disinterest in pursuing her claims in this action, I find that the need to alleviate congestion on the court's docket outweighs her right to receive a further opportunity to be heard in this matter. As required, I have considered less-drastic sanctions, but reject them. For example, I am persuaded that issuing an order reprimanding plaintiff for her conduct would be futile, given that such an order would, in all likelihood, never reach the plaintiff due to her failure to provide the court with his current address. Based upon careful consideration of the foregoing relevant factors, I conclude that dismissal of plaintiff's complaint at this juncture is warranted.

III.  SUMMARY AND RECOMMENDATION

This matter obviously cannot proceed without notification to the court by the plaintiff of her current address. Because plaintiff has failed to fulfill her obligation to provide such notification, it is hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED in its entirety pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based upon plaintiff's failure to prosecute and to comply

with this court's orders and local rules of practice.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the plaintiff in accordance with this court's local rules.

Dated:   March 9, 2018
         Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge